IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01506–CMA–KMT

ALEX LOPEZ,

      Plaintiff,

v.

CRICKET COMMUNICATIONS, INC., a Delaware corporation,

      Defendant.

---

## ORDER

---

      This matter is before the court on Plaintiff's "Motion for Leave to File Amended Complaint." (Doc. No. 24, filed Nov. 30, 2011.)  Defendant filed its Response on December 14, 2011 (Doc. No. 28 [Resp.]) and Plaintiff filed his Reply on December 19, 2011 (Doc. No. 29 [Reply]).  In his Motion, Plaintiff seeks to withdraw his breach of contract cause of action and instead plead a negligent misrepresentation cause of action in its place.  (Mot. at 1.)  Plaintiff effectively concedes that his Motion was filed after the deadline to amend the pleadings.  (*See id.* at 2.)  Indeed, the deadline to join parties and amend the pleadings was October 21, 2011 (Scheduling Order, Doc. No. 17 at 8) and Plaintiff's Motion was filed over a month after that deadline passed.

## LEGAL STANDARD

Because Plaintiff filed his motion after the deadline for amending the pleadings, the court employs a two-step analysis, first determining whether Plaintiff has shown good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b), then evaluating whether Plaintiff has satisfied the standard for amendment of pleadings under Federal Rule of Civil Procedure 15(a). This Court has said that

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted).[1]

Once Plaintiff has shown good cause for modifying the scheduling order, he must also satisfy the requirements of Rule 15(a) for amending the pleadings. Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a).

---

[1] Plaintiff is correct that the Tenth Circuit "has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' under Rule 16(b) in addition to the Rule 15(a) requirement." *Strope v. Collins,* 315 F. App'x 57, 62 n. 4 (10th Cir. 2009) (internal quotation omitted); *cf. Bylin v. Billings,* 568 F.3d 1224, 1231 n.9 (10th Cir. 2009) (acknowledging that "[m]ost circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its 'good cause' standard are implicated.") (collecting cases); *Minter v. Prim Equip. Co.,* 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (citing *SIL-FLO, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1518-19 (10th Cir. 1990)) (explaining that the Tenth Circuit "adopted a similar interpretation of Rule 16(b)'s 'good cause' requirement in the context of counterclaims asserted after the scheduling order deadline, but has not yet done so in the context of an amendment to the complaint").

2

The grant or denial of an opportunity to amend is within the discretion of the court, but "outright

refusal to grant the leave without any justifying reason appearing for the denial is not an exercise

of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal

Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Refusing leave to amend is generally only

justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or

dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of

amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  Notably,

> The Federal Rules reject the approach that pleading is a game of skill in which
> one misstep by counsel may be decisive to the outcome and accept the principle
> that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

## ANALYSIS

### A.      *Rule 16(b)(4)'s Good Cause Requirement*

Defendant argues that Plaintiff cannot show good cause for filing his Motion after the

Scheduling Order's deadline to amend the pleadings.  (Resp. at 2–3.)  The court finds that

Plaintiff has shown good cause for his failure to comply with the Scheduling Order's deadline,

although not precisely for the reasons stated by Plaintiff.

In support of his position that good cause exists to modify the Scheduling Order, Plaintiff

relies heavily on a recent decision from this district.  *See Rehberg v. City of Pueblo,* 10-cv-

00261-LTB-KLM, 2011 WL 4102287 (D. Colo. Sept. 14, 2011) (unpublished).  In *Rehberg*, the

court considered a motion for leave to file an amended complaint and found that the plaintiff

showed good cause pursuant to Rule 16(b)(4).  *Id.* at *6.  There, the defendants filed a motion for

judgment on the pleadings late in discovery, and over seven months after the deadline to amend the pleadings had passed. *Id.* at *1-2. The plaintiff filed his motion to amend the complaint at the same time as he filed his response to the motion for judgment on the pleadings. *Id.* at *2. In his motion to amend the complaint, the plaintiff sought to add factual averments that would purportedly cure some of the pleading deficiencies raised in the motion for judgment on the pleadings. *Id.* Therefore, in his response brief, the plaintiff requested that the court deny the defendants' motion for judgment on the pleadings as moot for the reasons stated in the motion to amend the complaint. *Id.*

In concluding that the plaintiff had demonstrated good cause under Rule 16(b)(4), the court found that the plaintiff "only became aware of the compelling need to amend his complaint after Defendants filed their [motion for judgment on the pleadings]." *Id.* at *7. Based in part on the fact that the plaintiff filed his "motion to amend a mere 24 days later," the court found that the plaintiff had demonstrated good cause as required by Rule 16(b)(4). *Id.*

Although this case is not on all fours with *Rehberg*, the court is persuaded by its logic, and finds that Plaintiff has fulfilled Rule 16(b)(4)'s good cause requirement. Here, as in *Rehberg,* the court finds that Plaintiff was put on notice of the deficiencies in his breach of contract claim when Defendant filed its Motion for Judgment on the Pleadings (Doc. No. 18, filed Sept. 30, 2011). Pursuant to D.C.COLO.LCivR 7.1C and Fed. R. Civ. P. 6(d), Plaintiff was initially required to respond to Defendant's Motion for Judgment on the pleadings on October 24, 2011, three days *after* the deadline for amending the pleadings. The court finds that it would be unfair to require Plaintiff to seek leave to amend its complaint to cure the deficiencies raised

4

in the Motion for Judgment on the Pleadings *before* it was actually required to respond in kind to that Motion.

To be sure, Plaintiff's present Motion was not filed until November 30, 2011.  However, on October 20, 2011, Plaintiff filed an unopposed motion for an extension of time to respond to Defendants' Motion for Judgment on the Pleadings based on the fact that the parties were scheduled to engage in mediation and therefore sought to avoid wasting additional party and judicial resources in the event mediation was successful.  (Doc. No. 19.)  On November 30, 2011, District Judge Christine M. Arguello granted Plaintiff's *second* unopposed motion for extension of time (Doc. No. 20, filed Nov. 22, 2011) to respond to Defendant's Motion for Judgment on the Pleadings, which extended the deadline for Plaintiff to respond to December 7, 2011.  (Doc. No. 22, filed Nov. 30, 2011.)[2]  Therefore, Plaintiff was not required actually to confront the deficiencies noted in Defendant's Motion for Judgment on the Pleadings until December 7, 2011.  Nevertheless, Plaintiff filed its present Motion on November 30, 2011, a week before the deadline for filing a response to Defendants' Motion for Judgment on the Pleadings.

Under these circumstances, and based on the logic of *Rehberg,* the court finds that Plaintiff has demonstrated good cause for his failure to comply with the deadline for amending the pleadings.  In light of the fact that Plaintiff was not required to respond to the deficiencies noted in Defendant's Motion for Judgment on the Pleadings until after the deadline for amending

---

[2] Judge Arguello's Order also denied Plaintiff's October 20, 2011 motion for extension of time as moot.  (Doc. No. 22.)

the pleadings had passed, the court finds that Plaintiff could not have met the Scheduling Order's

deadline, despite his diligent efforts.  The court is further persuaded by the fact that Defendant

did not oppose Plaintiff's motions for extension of time to respond to its Motion for Judgment on

the Pleadings.  (*See* Doc. Nos. 20 & 22.)  Finally, because the issue of whether Plaintiff has

demonstrated good cause in this case presents a close call, the court elects grant Plaintiff's

Motion to allow his claims to be heard on their merits.  *Calderon v. Kan. Dept. of Soc. and*

*Rehabilitative Servs.,* 181 F.3d 1180, 1186 (citing *Foman,* 371 U.S. at 181-82) ("The liberal

granting of motions for leave to amend reflects the basic policy that pleadings should enable a

claim to be heard on its merits.")

**B.      *Futility of Amendment***

Defendant also argues that Plaintiff's Motion should be denied because Plaintiff's

proposed negligent misrepresentation claim would be futile.  (*Id.* at 4-5.)  The court

acknowledges that it would be justified in denying Plaintiff's Motion if his proposed amendment

is futile, *Frank v. U.S. West, Inc.*, 3 F.3d at 1365, and that "[a] proposed amendment is futile if

the complaint, as amended, would be subject to dismissal."  *Jefferson Cnty. Sch. Dist v. Moody's*

*Investor's Servs.,* 175 F.3d 848,859 (10th Cir. 1999).  However, for the following reasons, the

court finds at this juncture that Plaintiff's proposed negligent misrepresentation is not clearly

futile.

Defendant argues that, according to *Wisehart v. Meganck*, 66 P.3d 124 (Colo. App.

2002), "Colorado law prohibits at-will employees from asserting misrepresentation claims

against their employers."  (*Id.*)  In *Wisehart,* the Colorado Court of Appeals held that "employers

6

operating under at-will employment principles are generally free to discharge employees for any reason, even if that reason is wrong or incorrect, as long as the reason asserted does not trigger a recognized exception to the at-will doctrine." *Id.* at 127. Thus, the *Wisehart* court dismissed the plaintiff's claims for fraudulent misrepresentation and concealment based on allegations that the "defendants had fraudulently set him up to be terminated." *Id.* at 126.

However, Plaintiff maintains that *Wisehart* is distinguishable from this case, and that, under *Berger v. Security Pacific Information Systems, Inc.,* 795 P.2d 1380 (Colo. App. 1990), his proposed claim is viable. (Reply at 3-5.) More specifically, in his proposed negligent misrepresentation claim, Plaintiff maintains that he was induced into leaving his prior employment to work for defendant based on an allegedly negligent misrepresentation that he had passed a background check, including a review of his driving record. (Proposed Am. Compl., Doc. No. 24-1, ¶¶ 4-12, 17.) Thus, Plaintiff maintains that his claim is viable under *Berger,* which provides that "[a]n employer's right to terminate an at-will employee without cause does not protect the employer from liability for fraud in inducing the employee to accept employment." 795 P.2d at 1384; *see also Wisehart,* 66 P.3d at 129-130 (distinguishing *Berger* from the facts before it on grounds that in cases like *Berger,* "the fraud is not related to the at-will employment termination right," but instead "arises prior to employment, before the at-will relationship is formed.")

Although the court is inclined to agree with Plaintiff that the facts in this case are more closely aligned with *Berger,* and that *Wisehart* is distinguishable, the court notes that Defendant has not had an opportunity to respond to Plaintiff's position that *Berger* controls because it was

7

raised for the first time in Plaintiff's Reply.  Accordingly, although the court finds at this

juncture that Plaintiff's proposed negligent misrepresentation claim is not clearly futile, it also

finds that this issue is more properly resolved if and when Defendant files a motion to dismiss on

these grounds.

Therefore, for the foregoing reasons, it is

ORDERED that

Plaintiff's "Motion for Leave to File Amended Complaint" (Doc. No. 24) is GRANTED.

The clerk of court shall file Plaintiff's "Amended Complaint and Jury Demand."  (Doc. No. 24-

1.)

Dated this 16th day of February, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge