IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01506–CMA–KMT

ALEX LOPEZ,

      Plaintiff,

v.

CRICKET COMMUNICATIONS, INC., a Delaware corporation,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This case is before the court on "Defendant Cricket Communications, Inc.'s Partial Rule 12(b)(6) Motion to Dismiss Plaintiff Alex Lopez's Amended Complaint." (Doc. No. 34, filed Mar. 1, 2012.) For the following reasons, the court RECOMMENDS that Defendant's Motion be GRANTED.

## FACTUAL BACKGROUND

      In Summer 2009, Plaintiff applied to work for Defendant. (Am. Compl. ¶ 3, Doc. No. 32, filed Feb. 16, 2012.) On August 7, 2009, Defendant offered Plaintiff a position as an Account Manager, contingent upon Plaintiff passing a background check, which included a review of his driving history. (*Id.* ¶ 4.) Plaintiff accepted that offer the same day. (*Id.* ¶ 5.)

One week later, on August 14, 2009, Defendant allegedly represented to Plaintiff that he had passed the background check, including the review of his driving history.  (*Id.* ¶ 6.) Specifically, Defendant allegedly sent Plaintiff an email stating that he had six "cricket points" under its driving policy, which amounted to an acceptable driving record.  (*Id.*)  Plaintiff alleges that Defendant knew, at that time, that Plaintiff was still employed with Arrow Electronics, and that Plaintiff would resign that position at his earliest opportunity pursuant to Defendant's request.  (*Id.* ¶ 8.)  Plaintiff relied on Defendant's representation that he had satisfied the contingencies of the job offer and resigned from his employment with Arrow Electronics that same day, August 14, 2009.  (*Id.* ¶ 9.)

Plaintiff began working for Defendant August 24, 2009.  (*Id.* ¶ 10.)  On September 2, 2009, two weeks into Plaintiff's employment with Defendant, Defendant told Plaintiff that his driving record was not acceptable.  (*Id.* ¶ 11.)  On October 16, 2009, Defendant terminated Plaintiff, allegedly due to his unacceptable driving record.  (*Id.* ¶ 12.)  Plaintiff maintains that he had no new driving citations, nor any other changes in his driving record, from the beginning of August 2009 through the date of his termination.  (*Id.*)

## PROCEDURAL HISTORY

Plaintiff's original Complaint, which alleged claims for breach of contract and promissory estoppel, was filed in this court on June 6, 2011.  (*See* Doc. No. 1.)  On February 16, 2012, the court granted Plaintiff leave to file his Amended Complaint, which abandoned his

2

breach of contract claim and added a negligent misrepresentation claim.[1]  (*See* Order Granting

Leave to Amend, Doc. No. 31.)

Defendant's present motion, which seeks to dismiss Plaintiff's negligent

misrepresentation claim pursuant to Rule 12(b)(6), was filed on March 1, 2012.  (*See* Mot.)

Plaintiff filed his Response on March 15, 2012  (Doc. No. 37) and Defendant filed its Reply on

March 28, 2012.  Accordingly, this matter is ripe for the court's review and recommendation.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss

a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6)

(2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that

the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d

1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual

allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v.*

---

[1] The court granted this relief notwithstanding Defendant's argument that Plaintiff's negligent misrepresentation claim was futile.  (*See* Order Granting Leave to Amend at 6-8.) Specifically, although the court found that Plaintiff's proposed negligent misrepresentation claim was not clearly futile, it noted that Defendant had not had an opportunity to address Plaintiff's argument, raised in his Reply, that his negligent misrepresentation claim is viable under *Berger v. Security Pacific Information Systems, Inc.,* cited *infra*.  (*Id.* at 7.)  Rather, the court concluded that the viability of Plaintiff's negligent misrepresentation claim was "more properly resolved if and when Defendant files a motion to dismiss on these grounds."  (*Id.* at 8.)  That invitation precipitated the present motion.  (*See* Mot. at 1 n.1.)

*Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of

4

the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

In its Motion, Defendant argues that Plaintiff's negligent misrepresentation claim fails as a matter of law because Colorado law does not recognize the viability of a negligent misrepresentation claim in the context of at-will employment.  (*See* Mot.)  The court agrees.

Colorado law, which governs this diversity action, draws a bright line between claims based on misrepresentations that occurred before an at-will employment relationship is formed and claims based on misrepresentations that occur during the at-will employment relationship. *See Wisehart v. Meganck,* 66 P.3d 124, 129-30 (Colo. App. 2002).  More specifically, on the one hand, Colorado courts have recognized that "[a]n employer's right to terminate an at-will employee without cause does not protect the employer from liability for fraudulent inducement where a former employer's misstatement lures a plaintiff to accept an employment offer." *Berger v. Security Pacific Information Systems,* 795 P.2d 1380, 1384 (Colo. App. 1990).  In *Berger,* while interviewing the plaintiff for a sales manager position, the defendant-employer misrepresented its financial condition and business prospects. *Id*. at 1383.  The plaintiff accepted the position based on these representations. *Id*.  The defendant's financial condition continued to spiral downward, resulting in the plaintiff's termination approximately seven months later. *Id.*

The *Berger* court rejected the defendant's plea that imposing a duty "to prospective employees undermines the rule that an employee for an indefinite period may be terminated at

will." *Id.* at 1384.  Instead, the court concluded that "[a]n employer's right to terminate an at-will employee without cause does not protect the employer from liability for fraud in *inducing* the employee to accept employment." *Id.* (emphasis added).

The *Wisehart* court expressly outlined the limitations of *Berger*'s holding.  There the plaintiff alleged that his employer used a fraudulent justification in order to set him up for termination.  66 P.3d at 125-26.  The court held that the plaintiff's claims failed because they arose "out of the termination of his at-will employment relationship under which his employer was free to terminate him any time, with or without any reason" and because the plaintiff's claims did "not fall within any of the recognized exceptions to the doctrine of at-will employment." *Id.* at 127.  The court rejected the plaintiff's contention that *Berger* compelled a different result. *Id.* at 129.  The court noted that a fraudulent inducement claim "does not implicate the at-will employment doctrine." *Id.*  Rather, "[i]n such an instance, the fraud is not related to the at-will termination right.  Rather the fraud arises *prior to employment,* before the at-will relationship is formed." *Id.* at 129 (citing *Bernoudy v. Dura-Bond Concrete Restoration,* 828 F.2d 1316 (8th Cir. 1987)).

Here, the alleged misrepresentation forming the basis of Plaintiff's claims occurred after Plaintiff accepted Defendant's offer of employment.  More specifically, it was not until a week after Plaintiff had accepted Defendant's offer of employment that Defendant allegedly represented Plaintiff that his driving history was acceptable.  (Am. Compl. ¶¶ 5-6.)  Accordingly, because Defendants' alleged negligent misrepresentation occurred during Plaintiff's at-will

employment with Defendant, rather than prior thereto, the court finds that *Berger* is inapposite and *Wisehart* bars Plaintiff's assertion of a claim for negligent misrepresentation.

Recognizing the implications of *Wisehart* on his claims, Plaintiff argues that his negligent misrepresentation claim is not targeted at Defendant's decision to terminate his employment. Rather, Plaintiff maintains that his claim "focuses solely upon the fact that Cricket negligently induced Mr. Lopez to resign from his prior employment." (Resp. at 3.) Although this appears to be an accurate representation of his claims, it is also a futile attempt to circumvent the limitations placed on *Berger* by *Wisehart*. Plaintiff does not allege that he would have remained employed by both Arrow Electronics and Defendant had Defendant not represented that his driving record was acceptable. As such, Plaintiff's "claimed damages arise directly from termination" after the at-will relationship was commenced. *Wisehart,* 66 P.3d at 130 (citing *Salter v. Alfa Ins. Co.,* 561 So. 2d 1050 (Ala. 1990); *see also Kidder v. AmSouth Bank, N.A.,* 639 So.2d 1361, 1362-63 *cited with approval* by *Wisehart,* 66 P.3d at 130 (distinguishing a permissible fraudulent inducement claim from the impermissible claims asserted in *Bates v. Jim Walter Res.,* 418 So.2d 903 (Ala. 1982), where the *Bates* plaintiff asserted damages based upon her loss of prior employment *after* she accepted the defendant's employment offer). That is, absent Defendant's decision to terminate him, Plaintiff would not have any damages to speak of. Thus, notwithstanding Plaintiff's assertion that his claim is focused on the fact that Defendant negligently induced Plaintiff to resign his prior employment, it necessarily attacks Plaintiff's termination—specifically, as to the determination of damages—which Defendant was free to pursue "any time, with or without any reason." *Wisehart,* 66 P.3d at 127.

7

Accordingly, for the reasons outlined above, the court finds that Plaintiff's negligent misrepresentation fails as a matter of law and that Defendant's Motion is properly granted. Therefore, the court respectfully

RECOMMENDS that

"Defendant Cricket Communications, Inc.'s Patrial Rule 12(b)(6) Motion to Dismiss Plaintiff Alex Lopez's Amended Complaint" (Doc. No. 34) be GRANTED and that Plaintiff's negligent misrepresentation claim be dismissed.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

8

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 19th day of June, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge