IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 11-cv-01506-CMA-KMT

ALEX LOPEZ,

 Plaintiff,

v.

CRICKET COMMUNICATIONS, INC.,

 Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

This matter is before the Court on Plaintiff Alex Lopez's "Motion for Relief from Judgment and Request for Hearing." (Doc. # 54.) For the reasons discussed below, the motion is denied.

### I. BACKGROUND[1]

On July 31, 2009, Plaintiff applied to work for Defendant Cricket Communications, Inc. (Doc. # 45 at 7.) As part of the five-page job application, Plaintiff disclosed his driving record. (*See id.*) He also initialed several acknowledgments, including the following, which provides, in pertinent part:

> I hereby authorize Cricket to thoroughly investigate and/or verify my . . . Motor Vehicle Report . . . . In addition, I hereby release the company, my former employers and all other persons, corporations, partnerships and associates from any and all claims, demands or liabilities arising out of or in any way related to such investigation or disclosure.

---

[1] The Court set forth the following facts when granting summary judgment in Defendant's favor. (*See* Doc. # 52.) The Court includes them again here so as to provide context for the Court's discussion of the pending motion.

(Doc. # 39-2 at 5.)  On August 7, 2009, Defendant offered Plaintiff a job that would require him to drive a vehicle and, thus, to comply with Defendant's driving policy.  (Doc. # 45 at 7.)  Plaintiff accepted the offer the same day.  (Doc. # 32 at 2.)  On August 14, 2009, Defendant informed Plaintiff that his driving record was in compliance with Defendant's policy.  (*See* Doc. # 45 at 7.)  Later that day, Plaintiff resigned from the job he had been working, in order to begin his at-will employment with Defendant.  (*Id.*)

On August 24, 2009, Plaintiff commenced his position with Defendant.  (Doc. # 32 at 2.)  On September 2, 2009, Defendant told Plaintiff that it had again reviewed his driving record and had discovered that it was not, in fact, in compliance with Defendant's driving policy.  (*See* Doc. # 45 at 8.)  This lack of compliance resulted in Defendant terminating Plaintiff in November 2009.  (*Id.*)

Plaintiff initiated this action on May 19, 2011 (*see* Doc. # 2), and Defendant removed it here on June 9, 2011 (*see* Doc. # 1).  In his Amended Complaint, Plaintiff brought claims for negligent misrepresentation and promissory estoppel.  (Doc. # 32 at 3-5.)  On October 16, 2012, the Court granted summary judgment in Defendant's favor.  (Doc. # 52.)  The Court reasoned that (1) pursuant to the above-quoted acknowledgement, Plaintiff expressly waived any and all claims arising out of or in any way related to Defendant's investigation and disclosure of his driving record, and (2) other disclaimers in Defendant's application material prevented Plaintiff from establishing that he justifiably or reasonably relied on Defendant's August 14, 2009 statement, which erroneously conveyed that Plaintiff's diving record was in compliance with Defendant's policy.  (*See id.*)  Thereafter, Plaintiff timely filed a Fed. R. Civ. P. 59(e)

motion and requested that the matter be set for oral argument. (Doc. ## 54, 58, and 62.)

## II. **DISCUSSION**

A litigant who seeks reconsideration of an adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The three main grounds that justify reconsideration are "(1) an intervening change in controlling law, (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, a motion to reconsider is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Id.* However, for the following reasons, Plaintiff is not entitled to relief on any basis.[2]

First, the alleged factual error "upon which the instant motion is based" (Doc. # 60 at 1), stems from Plaintiff's overly narrow reading of the Court's summary judgment order, not from any error actually committed by the Court. In its order, after stating that the release initialed by Plaintiff "precluded any claims that are 'in any way related' to the investigation or disclosure of Plaintiff's driving history," the Court explained:

> The instant claims are related to Defendant's investigation of Plaintiff's driving history because such investigation produced the initial mistaken information that Plaintiff's driving record was in compliance with

---

[2] Plaintiff does not assert that an intervening change in the controlling law has occurred, nor does he put forth new evidence previously unavailable; as such, the Court interprets Plaintiff's motion as relying only on the "need to correct clear error or prevent manifest injustice."

> Defendant's policy, as well as the subsequently accurate information that his record was actually not in compliance.

(Doc. # 52 at 9.) Plaintiff contends the Court erred in stating that the investigation produced mistaken information because, as he insists, the investigation yielded correct information that Defendant miscalculated. (Doc. # 54 at 2.) To be sure, as the facts detailed above make clear, Defendant erroneously informed Plaintiff that his driving record complied with Defendant's policy but later told him it did not comply. (*See* Doc. # 45 at 7-8.) Defendant did not contend, nor did the Court find, that Defendant's about-face was a product of new or different data regarding Plaintiff's driving history.[3] Rather, the Court's point was merely that Plaintiff's claims related to Defendant's August 14, 2009 statement which, mistaken though it was, was based on Defendant's investigation of Plaintiff's driving record. The Court discerns no error in such a statement, much less any "clear error" that would justify reconsideration of the Court's summary judgment order.[4]

Second, the Court did not, contrary to Plaintiff's assertion, fail to address his argument that "because the release was not 'clearly and unambiguously expressed,' it was not valid." (Doc. # 54 at 3.) To the contrary, the Court's analysis centered on determining "whether the intent of the parties [had] been clearly and unambiguously

---

[3] In fact, as Plaintiff points out, even Defendant's human resources director "agree[d] that there was a mistake made in the interpretation of the results [of Plaintiff's driving record] and that was communicated to [Plaintiff]." (*See, e.g.*, Doc. # 54 at 2 n.2 (quoting Doc. # 39-3 at 2).)

[4] Moreover, the Court rejects Plaintiff's assertion that he released Defendant only from "claims arising from the investigation or disclosure itself." (Doc. # 54 at 6-7 (internal quotation marks omitted).) As the plain language of the acknowledgement states, Plaintiff released Defendant from "any and all claims . . . arising out of **or in any way related to** such investigation or disclosure." (Doc. # 39-2 at 5 (emphasis added).)

4

expressed" when executing the above-quoted acknowledgement. (*See* Doc. # 52 at 6-9.) Plaintiff's disagreement with the Court's resolution of this question does not entitle him to reconsideration of it. *See, e.g.*, *Lacefield v. Big Planet*, No. 2:06-CV-844, 2008 WL 2661127, at *1 (D. Utah July 3, 2008) (unpublished) ("[w]hen a motion for reconsideration raises only a party's disagreement with a decision of the Court, that dispute should be dealt with in the normal appellate process" (quotation marks and citations omitted)). For the same reason, Plaintiff's re-hashed arguments, regarding whether he justifiably or reasonably relied on Defendant's August 14, 2009 statement, are unavailing.[5] (*See* Doc. # 54 at 7-8 (citing Doc. # 52 at 9 n.4).)

Third, to the extent Plaintiff relies on new arguments under *B & B Livery, Inc. v. Riehl*, 960 P.2d 134 (Colo. 1998), regarding the enforceability of exculpatory agreements, the Court rejects them because Plaintiff did not raise them in his pre-summary judgment briefing.[6] *Smith v. Krieger*, No. 08-cv-00251, 2009 WL 2940221, at *1 (D. Colo. Sept. 9, 2009) (unpublished) (explaining that a Rule 59(e) motion "is not the appropriate vehicle to . . . advance arguments that could have been raised in prior briefing" (internal quotation marks and citation omitted)); *Resolution Trust Corp. v. Greif*,

---

[5] Such arguments are also premised on cases addressing fraudulent inducement which, since Plaintiff did not bring a claim based on fraud, are inapposite here. (*See* Doc. # 54 at 8 (citing *Berger v. Sec. Pac. Info. Sys., Inc.*, 795 P.2d 1380, 1384 (Colo. App. 1990) ("An employer's right to terminate an at-will employee at any time without cause is not inconsistent with an action for fraudulently inducing such employee's acceptance of employment.")).)

[6] Plaintiff argues that Defendant "is incorrect" in asserting that his motion presents new arguments because, he says, "the gist of [his] argument is contained within his initial argument that exculpatory releases must be clearly and unambiguously expressed." (Doc. # 60 at 2.) As discussed in the text above, that "initial" argument was thoroughly addressed in the Court's summary judgment order and will not be reconsidered here.

906 F. Supp. 1446 (D. Kan. 1995) ("[a] party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been raised in the first instance").

Accordingly, Plaintiff fails to convince the Court of any clear error or manifest injustice found in, or stemming from, its summary judgment order. As such, no ground for altering or amending the judgment exists.

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff Alex Lopez's "Motion for Relief from Judgment and Request for Hearing" (Doc. # 54) is DENIED. It is

FURTHER ORDERED that Plaintiff's "Motion to Set Oral Argument" (Doc. # 58), and his "Renewed Motion to Set Oral Argument" (Doc. # 62) are DENIED AS MOOT.

DATED:  May __16__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge